UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTHER GADDIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:10-cv-1310 (VLB) |
| CENTURY INTERNATIONAL CORP., | : | |
| JAMES H. DEANS, ATTORNEY AND | : | |
| TRANS UNION LLC, | : | |
| Defendants. | : | June 15, 2011 |

## RULING GRANTING DEFENDANTS CENTURY INTERNATIONAL, CORP. AND JAMES H. DEANS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [Doc. #41]

### *I. INTRODUCTION AND FACTUAL ALLEGATIONS*

The plaintiff, Esther Gaddis (hereinafter "Gaddis"), filed this action *pro se* against Century International Corp. (hereinafter "Century"), James H. Deans (hereinafter "Deans"), and Trans Union, LLC (hereinafter "Trans Union"). The Plaintiff invokes this Court's jurisdiction pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; and Conn. Gen. Stat. § 21a-1. Gaddis claims that she was evicted from an apartment in Utah owned by Century through an eviction proceeding instituted by Deans, its attorney. Although the factual allegations set forth in the complaint are not entirely clear, it appears that Gaddis is asserting that the eviction was erroneous because she paid her rent in full and/or she was justified in vacating the apartment because Century maintained it in a dangerous condition that created a fire hazard. Gaddis alleges that Century and Deans then caused the eviction to be reported on her credit reports with Trans Union, Experian, and Equifax, even though they knew that the eviction was

unjustified.  As to Trans Union, Gaddis claims that this defendant failed to delete information regarding the eviction from her credit report even though it knew the information to be inaccurate.

Century and Deans (hereinafter collectively referred to as "the Defendants") have moved pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss Gaddis' complaint as against them for lack of personal jurisdiction.[1]  [Doc. #41].  Century is a corporation incorporated in Utah with its principal place of business in Utah, and Deans is a resident of Utah and is in good standing with the Utah State Bar Association to practice law in Utah.  The Defendants contend that this Court lacks personal jurisdiction over them pursuant to Connecticut's long arm statutes, Conn. Gen. Stat. § 52-59b and Conn. Gen. Stat. § 33-929(f), and under a due process analysis, because they do not transact business in Connecticut and the acts that Gaddis complains of have no connection to Connecticut.  They explain that, on or about April 14, 2005, Century, through its attorney Deans, filed a complaint for eviction in the Third District Court of Utah, Salt Lake County, Salt Lake City Department (hereinafter "the Utah Court") against Gaddis and her husband for defaulting in rent payments for their Utah apartment.  Pursuant to Utah Code Annotated § 78B-6-811, the Utah Court entered judgment on May 9, 2005 against Gaddis and her husband for unpaid rent in the amount of $214, treble damages in the amount of $1,404, court costs in the amount of $28, and attorney's fees in the amount

---

[1]  **Trans Union is not a party to the instant motion.  Trans Union filed an answer to Gaddis' complaint on November 23, 2010.  [Doc. #16].**

of $150, for a total judgment of $1,796.  For the reasons set forth below, the

Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED.

## II.  STANDARD OF REVIEW

To successfully defeat a Rule 12(b)(2) motion to dismiss for lack of personal

jurisdiction, the plaintiff bears the burden of showing that the Court has personal

jurisdiction over the defendant.  *Metropolitan Life Insurance Co. v. Robertson-Ceco*

*Corp.*, 84 F.3d 560, 566 (2d Cir.1996).  "At this stage of the proceedings, the plaintiffs

must make out only a *prima facie* showing of personal jurisdiction through their own

affidavits and supporting materials and all affidavits and pleadings must be

construed in the plaintiffs' favor."  *Edberg v. Neogen Corp.*, 17 F. Supp. 2d 104, 110

(D. Conn. 1998) (citing *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.

1986)).

"[T]he amenability of a foreign corporation to suit in a federal court in a

diversity action is determined in accordance with the law of the state where the court

sits . . . ."  *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) (in banc);

*accord Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985).

Accordingly, this Court applies the law of the State of Connecticut.  In order to

ascertain whether a court has personal jurisdiction, Connecticut applies a two-step

analysis.  A court must first look to the forum State's long-arm statute and determine

whether that statute reaches the foreign corporation.  If the long-arm statute

authorizes personal jurisdiction over a defendant, the court must then decide

whether the exercise of jurisdiction over that party offends due process.  *Bensmiller*

*v. E.I. Dupont de Nemours & Co.*, 47 F.3d 79, 81 (2d Cir. 1995) (citing *Greene v. Sha-Na-Na*, 637 F.Supp. 591, 59 (D. Conn. 1986)).

### III.  ANALYSIS

#### A.  Connecticut's Long-Arm Statute

Connecticut's long-arm statute applicable to foreign corporations states, in relevant part:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:  (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. § 33-929(f).  Similarly, as to individuals, Connecticut statute provides, in relevant part:

> [A] court may exercise personal jurisdiction over any nonresident individual, . . . who in person or through an agent:  (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to a person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives

4

> substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, . . . or a computer network, . . . located within the state.

Conn. Gen. Stat. § 52-59b.

In this case, Gaddis has not met her burden of making a *prima facie* showing that this Court has personal jurisdiction over the Defendants. This case involves a proceeding brought against Gaddis and her husband in Utah State Court in 2005 to evict her from her apartment in Utah for defaulting on rent payments. It does not arise from a contract made in Connecticut, business solicited in Connecticut, the production or manufacture of goods to be used in Connecticut, or any tortious conduct committed in Connecticut. Likewise, there is no evidence that Century, a Utah corporation, and Deans, a Utah attorney, conduct any business whatsoever in Connecticut. Therefore, this Court lacks personal jurisdiction over the Defendants under Connecticut's long-arm statute.

In her objection to the Defendants' motion to dismiss [Doc. #42], Gaddis fails to address the issue at hand. Instead, she argues the merits of the case by asserting facts in support of her contention that the Utah Court erroneously entered judgment against her. She claims that she had vacated her Utah apartment in February 2005, three months before the Utah Court entered judgment against her, that she was never properly served in that case, and that various deposits and rent overpayments were never returned to her by Century. Even if true, however, these facts do not establish this Court's jurisdiction over the Defendants in the instant action. The proper forum for Gaddis to challenge the judgment entered against her was in Utah,

the State where it was entered, not federal district court in Connecticut, a State which has no connection to the rent dispute giving rise to Gaddis' complaint.

### B.  Due Process Inquiry

Even if jurisdiction could be exercised over the Defendants under Connecticut's long-arm statute, the Court would next have to determine whether the exercise of jurisdiction in this case would comport with due process.  *See In re Helicopter Crash near Wendle Creek,* 485 F. Supp. 2d 47, 51 (D. Conn. 2007).  "The due process clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant with whom it has certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Kernan v. Kurz-Hastings*, 175 F.3d 236, 242 (2d Cir. 1999) (citing *Calder v. Jones*, 465 U.S. 783, 788 (1984)).

The Supreme Court has established a two-pronged test for determining whether a court has personal jurisdiction over a non-resident corporation.  *See International Shoe Co. v. Washington*, 362 U.S. 310, 314 (1945)).  First, the corporation must have certain "minimum contacts" or ties with the forum State.  *Id.* Second, it must not "offend traditional notions of fair play and substantial justice" to subject the corporation to litigation in the forum State.  *Id.*

There are two types of situations in which a court may exercise jurisdiction over a foreign defendant, and the analysis differs depending upon which type of situation is being considered.  The first situation is when a court exercises personal jurisdiction over a foreign defendant in a suit "arising out of or related to the defendant's contacts with the forum," which is referred to as "specific jurisdiction."

*Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 n.8 (1984).  By contrast, the second situation occurs when a court exercises personal jurisdiction over a foreign defendant in an action not arising out of or relating to the defendant's contacts with the forum, which is referred to as "general jurisdiction."  *Id.* at 414 n.9.  However, where the action does not arise out of or relate to a foreign defendant's contacts with the forum state, the defendant's contacts with that state must be "continuous and systematic" in order for the court to exercise jurisdiction over him.  *Id.* at 415.

Here, Gaddis' claims against Century and Deans must be dismissed under either analysis.  As discussed previously, there is no evidence that Century and Deans have any contacts whatsoever with the State of Connecticut.  Therefore, the exercise of jurisdiction over them would "offend traditional notions of fair play and substantial justice."  *Kernan*, 175 F.3d at 242.

## IV.  CONCLUSION

Based on the above reasoning, the Court concludes that it lacks personal jurisdiction over the Defendants.  Accordingly, their motion to dismiss [Doc. #41] is GRANTED.  The Clerk is directed to terminate Century and Deans as defendants to this action.

IT IS SO ORDERED.

_____/s/_____

Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  June 15, 2011.